### No. 1088.

### F. B. LUDELING vs. J. E. McGUIRE, SHERIFF, ET AL.

A tax title, regular in form, duly recorded, and accompanied by possession, cannot be attacked collaterally or disregarded by direct seizure of the property held thereunder, in execution of judgments or mortgages against a former owner; at least, unless absolute nullity of the tax title is patent on the face of the deed.

No such nullity being apparent on the face of the plaintiff's deed, his injunction herein, restraining the seizure and sale of the property by a creditor of a former owner, was properly perpetuated.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*J. T. Ludeling* for Plaintiff and Appellee.

*R. G. Cobb* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The plaintiff, alleging ownership by tax title, enjoins the seizure and sale of the property in execution of a judicial mortgage resting on the property in the hands of a former owner.

Plaintiff exhibits the deed of the tax collector, duly recorded, and accompanied by actual possession prior to the seizure.

If his title is valid, his property is not liable to the seizure.

By constitutional provision in this State, existing since 1868, tax titles are *prima facie* valid. Const. 1868, Art. 118; 1879, Art. 210.

The jurisprudence of the State is perfectly settled that such titles cannot be attacked collaterally, and that the property conveyed by them cannot be seized by the creditor of a former owner, until the tax title has been annulled by direct action. Coco vs. Thieneman, 25 An. 237; Lannes vs. Bank, 29 An. 115; Jury vs. Allison, 30 An. 1235; Renshaw vs. Imboden, 31 An. 662; Hickman vs. Dawson, 33 An. 441.

An exception to this rule is recognized in the two last authorities,

in the case where the absolute nullity of the title is patent on the face of the deed.

It is clear that whatever defense may be made by defendant herein must appear on the face of plaintiff's title, and that the Judge *a quo* was clearly right in excluding all extraneous evidence offered to impeach said title.

We shall confine our attention to the nullities charged to be patent.

1. It is said that it appears from the deed that the sale was made under Act 107 of 1880, for taxes of 1878; that Act 107 applies only to sales for taxes due prior to January 1st, 1879; that the taxes of 1878 were not due till February 1st, 1879; and that, therefore, the sale was made without authority of law.

The argument falls before our decision in Davidson vs. Houston, 35 An., where we held that taxes of 1878 were due prior to January 1st, 1879, and were covered by the constitutional ordinance and, consequently, by Act 98 of 1882. It follows that they fall equally within the purview of Act 107 of 1880.

2. Another cause of nullity urged is, that the sale was made on May 7th, 1881, whereas the Act 107 required it to be made on the first Saturday of March, 1881. Much discussion was had as to whether this provision was directory or mandatory, and as to the effect of a departure therefrom on the validity of the sale.

It is not necessary to consider these questions here. The statutory direction was, that the sale should be made on the first Saturday of March, and "from day to day thereafter." It does not appear on the face of the deed that the sale was not advertised for the first Saturday of March, and continued "from day to day." On the contrary, the deed recites that the sale was made "in accordance with the provisions of Act 107," and with "necessary publications and advertisements," and after compliance "with all the formalities required by and specified in the Act aforesaid."

In absence of extraneous evidence, which is not admissible, it is impossible to say the sale was not made at a time authorized by the Act.

3. The nullity alleged in the assessment of the property certainly does not appear on the face of the deed; nor does it appear from the extract from the delinquent roll, offered in evidence by plaintiff, even if we could extend the exception so as to embrace nullities appearing from plaintiff's own evidence, as well as on the face of the deed.

We find no error in the proceedings and judgment of the court *a qua*.

Judgment affirmed.